# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| FRANK D. PANGALLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14-CV-1600 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Frank D. Pangallo, a *pro se* prisoner, filed an amended petition under 28 U.S.C. § 2254 challenging his 2013 theft and habitual offender convictions in St. Joseph County. (DE 4.) Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."

According to the petition, Pangallo pled guilty to felony theft and habitual offender adjudication in St. Joseph County Superior Court. (DE 4 at 2.) On May 24, 2013, he was sentenced to seven years in prison. (*Id.*) He did not pursue a direct appeal. (*Id.*) He has filed various documents in the state trial court seeking to withdraw his guilty plea, but he has not yet pursued a state post-conviction petition, nor has he filed any appeals to the Indiana Court of Appeals or Indiana Supreme Court. (*Id.* at 1-2, 12-15.)

In May 2014, he sought federal habeas relief. (DE 1.) After his original petition was stricken, he filed an amended petition. (DE 4.) Giving his amended petition liberal construction, he argues that his sentence was excessive and that he received ineffective assistance of counsel in connection with his guilty plea. (DE 4 at 2-6.) He acknowledges that he has not yet presented these claims to the Indiana Supreme Court. (*Id.*)

Pangallo's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Here, Pangallo acknowledges that he has not yet presented his claims in one complete round of state review. It is apparent that he has an available remedy through the state post-conviction review process that he has not yet pursued. *See* IND. POST-CONV. R. 1 *et seq.* Until Pangallo exhausts all available state court remedies, federal habeas relief is unavailable. Accordingly, the petition will be dismissed

without prejudice.[1] The dismissal will be without prejudice to his right to file a new petition after he exhausts all available state court remedies.

For these reasons, the petition (DE 4) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

**SO ORDERED** on July 1, 2014.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

---

[1] The court should consider staying rather than dismissing a habeas petition containing unexhausted claims when the statute of limitations has run or is close to running, such that dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). Here, the record reflects that Pangallo had various filings pending in state court challenging his guilty plea until January 2014. The federal deadline would have been tolled during this period. 28 U.S.C. § 2244(d)(2). The deadline will also be tolled while Pangallo seeks state post-conviction relief. If he acts diligently, he should have sufficient time to exhaust his state court remedies and return to federal court within the one-year deadline.

3